The People of the State of New York ex rel. The Lehigh Valley Railway Company, Respondent, v. Egburt E. Woodbury et al., Composing the State Board of Tax Commissioners et al., Appellants.

Tax — certiorari to review special franchise tax — insufficient return by state board of tax commissioners.

A return by the state board of tax commissioners to a writ of certiorari to review their assessment which alleges that the valuation of a special franchise was made in gross and as a whole, and that "in arriving at the value of the intangible property to be considered, in making the said valuation of the special franchise, said board did

168    People ex rel. L. V. R. Co. *v.* Woodbury.    [June,

Opinion of the Court, per Willard Bartlett, J.    [Vol. 199.

not limit itself to any one fixed rule or method of determining said value, but in the light of all the circumstances and conditions affecting the value of said intangible property which were before it as aforesaid, exercised its best judgment as to the value of said intangible property * does not comply with the statute.

A reference in the return to certain tables which are not set forth as matter of record therein as having been used in valuing the relator's special franchise does not cure the failure to indicate more fully the grounds upon which the commissioners made their valuation.

*People ex rel. Lehigh Valley Ry. Co.* v. *State Board of Tax Comrs.*, 137 App. Div. 929, affirmed.

(Argued May 2, 1910; decided June 17, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 16, 1910, which reversed an order of Special Term denying a motion for a further return to a writ of certiorari and granted said motion.

The following question was certified : " Was the further return filed by the defendants to the writ of certiorari granted in this proceeding sufficient in law ? "

The facts, so far as material, are stated in the opinion.

*Edward R. O'Malley*, Attorney-General (*Edward H. Letchworth* and *Egburt E. Woodbury* of counsel), for appellants. The further return filed by the defendants herein is sufficient in law. (L. 1907, ch. 720, § 290.)

*Lyman M. Bass* for respondent. The amended return filed by the defendants was insufficient in law. (*People ex rel. J. W. S. Co.* v. *Tax Comrs.*, 197 N. Y. 33 ; *People ex rel. E. E. L. Co.* v. *Barker*, 139 N. Y. 62 ; *People ex rel. N. Y., O. & W. R. R. Co.* v. *Tax Comrs.*, 132 App. Div. 604 ; *People ex rel. Consolidated Gas Co. of N. Y.* v. *Feitner*, 78 App. Div. 313.)

Willard Bartlett, J.   The questions presented by this appeal are substantially the same as those which have been considered in the case of *People ex rel. Buffalo Gas Co.* v. *State Board of Tax Commissioners*, decided herewith. There is, however, a difference in the return in this case and

the papers referred to therein which it is proper briefly to discuss.

The special franchise tax sought to be reviewed in this proceeding was assessed upon the crossings of the Lehigh Valley Railway Company over public highways in the city of Buffalo for the year 1909. The return of the state board of tax commissioners alleged that the valuation of the special franchise was made in gross and as a whole, and that "in arriving at the value of the intangible property to be considered, in making the said valuation of the special franchise, said Board did not limit itself to any one fixed rule or method of determining said value, but in the light of all the circumstances and conditions affecting the value of said intangible property which were before it as aforesaid, exercised its best judgment as to the value of said intangible property."

This language does not throw any more light upon the grounds of valuation adopted by the assessing officers than did the language of the return in the *Buffalo Gas Co.* case. Among the papers referred to in the return, however, as having been before the state board at the time it valued the relator's special franchise were certain tables exhibiting a classification of some railway crossings over highways based upon the population of the municipality in which they are situated, the importance of the crossing to the railroad, the importance of the highway to the public, the amount of the obstruction caused by the railroad, and various other elements regarded as proper to be considered in valuing special franchises of this character. The attorney-general contends that these records show the value which was assumed by the board in respect to each crossing, and sufficiently informed the relator as to the method by which the board reached its valuation in gross. If the return had shown what was asserted by the attorney-general and Mr. Woodbury, chairman of the state board of tax commissioners, upon the oral argument, it would have been an ample compliance with the requirements of the Tax Law; but the trouble is that the procedure thus narrated by counsel has not been set

forth as a matter of record in the return. If the state board of tax commissioners has classified the steam railway crossings in the various municipalities. of this state for the purposes of special franchise taxation and has set out this classification in a table and has valued the relator's special franchise by the use of that table, it would be very easy to say so in the return and would indicate the grounds of the valuation assailed through the medium of the writ of certiorari. It is quite clear in this case, as it was in the case of the Buffalo Gas Company, that the assessing officers will be in no wise unduly burdened in making the further return which has been required.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the negative.

GRAY, HAIGHT, HISCOCK and CHASE, JJ., concur; CULLEN, Ch. J., not sitting.

Order affirmed.